UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-35-MOC

| CYNTHIA CARVER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | ORDER OF REMAND |
| NANCY A. BERRYHILL,<br>**Acting Commissioner of Social Security** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's (#9) and defendant's (#15) cross Motions for Summary Judgment, as well as plaintiff's Response to defendant's motion (#17). The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

On March 11, 2013, plaintiff applied for supplementary security income under Title XVI of the Social Security Act, alleging a disability that commenced on January 9, 2012. (Tr. 179). Plaintiff's claim was denied initially on August 8, 2013, and upon reconsideration on October 14, 2013. (Tr. 100; Tr. 107). On December 9, 2013, plaintiff requested a hearing before an administrative law judge ("ALJ"). (Tr. 111). The hearing was held on November 21, 2014. (Tr. 34). Plaintiff, represented by counsel, appeared and testified at the hearing, along with a vocational expert. (Tr. 34-58). A supplemental hearing was held on April 9, 2015. (Tr. 59). On May 29, 2015, an ALJ issued a written decision denying plaintiff's claim on the basis that she was not disabled

within the meaning of the Act. (Tr. 11-23). On July 24, 2015, plaintiff requested that the Appeals Council review the ALJ's decision; the Council denied plaintiff's request on December 7, 2016, rendering the ALJ's decision the final decision of defendant. (Tr. 1, 31). Plaintiff timely commenced the instant action for judicial review, pursuant to 42 U.S.C. § 405(g), 1383(c)(3).

## II.     Factual Background

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III.    Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.

> If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was, in part, not based on substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix

1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

### C. The Administrative Decision

At step one of the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity ("SGA") since February 11, 2013. (Tr. 13). At step two, the ALJ found that plaintiff had the following severe, medically determinable impairments: obesity, status post bypass with deconditioning, bilateral knee degenerative joint disease and left meniscal tear, status post arthroscopy, and back pain. (Tr. 13). At step three, the ALJ found at that none of plaintiff's impairments or any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404 Subpart P, Appendix 1. (Tr. 14).

Then, before step four and upon review of the record, the ALJ determined that plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. § 416.967(a). (Tr. 14). Based on this

RFC assessment, the ALJ determined at step four that plaintiff was not able to perform her past relevant work. (Tr. 22). However, at step five, after considering plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could perform other work existing in the national economy. (Tr. 22). Such finding ended the sequential evaluation, with the ALJ finding that plaintiff is not disabled within the meaning of the Act. (Tr. 23).

**D. Discussion**

The court has closely read plaintiff's memorandum of law (#10) supporting her Motion for Summary Judgment (#9). Plaintiff has made the following assignments of error:

I. The ALJ erred by failing to provide a logical bridge between the evidence and his conclusion that plaintiff could perform the full range of sedentary work;

II. The ALJ erred in his evaluation of medical opinion evidence and the weight he assigned certain evidence;

III. The ALJ erred by finding that plaintiff's right shoulder degenerative joint disease did not meet the duration requirement; and

IV. The ALJ who signed the decision differs from the ALJ who presided over the hearing, rendering the defendant's decision void on fairness grounds.

(#10 at 2-3). The court will review these allegations of error in turn.

**1. The ALJ's logical bridge between the evidence and his conclusions**

Plaintiff first argues that the ALJ did not provide a sufficient logical bridge between the recitation of evidence and his conclusion that plaintiff could perform the full range of sedentary work, and that such failure is grounds for remand. (#10 at 5).

A claimant's RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1. It represents the most, not the least, a claimant can still do despite his or

her limitations. Id. at *2; 20 C.F.R. § 416.945. When determining a claimant's RFC, an ALJ must "build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016). Failure to include a "narrative discussion describing how the evidence supports each conclusion" leaves a reviewing court with no choice but to order remand. Mascio v. Colvin, 780 F.3d 632, 636; see also Brown v. Colvin, 639 F. Appx. 921 (4th Cir. 2016) (the court should not mine facts in the record to justify the ALJ's decision).

Here, the court finds that the ALJ provided a sufficient logical bridge from his findings to his conclusions. Plaintiff contends that the ALJ neglected to explain why her alleged limitations, such as a degenerative joint disease that prevented her from standing or sitting for more than 10-15 minutes at a time, would not preclude even sedentary work. But the court notes that the ALJ did just that in his analysis of the record, specifically focusing on plaintiff's alleged leg-based limitations. The ALJ noted that when Dr. Dubiel examined plaintiff, plaintiff sat through the entire 40-minute interview portion without any reported pain or difficulty. (Tr. 14, 18; see also 446-451). The ALJ determined that in the same exam, plaintiff reported discomfort with range of motions while testing knees, but that Dr. Dubiel found no signs of instability, and noted that plaintiff had no gait abnormalities or limp before opining that plaintiff would have no impairment in her ability to sit. (Tr. 19; see also Tr. 450). On a similar note, the ALJ discussed plaintiff's daily living activities. During the period where plaintiff alleges she could not stand or sit for more than 10-15 minutes at a time, the ALJ noted that plaintiff reported she performed a variety of activities: getting her son ready for school, doing housework, driving, shopping, cooking, and other activities of daily living. (Tr. 15; see also, 228-33). In conjunction with the opinions of physicians like Dr. Dubiel, these activities provide substantial evidence in support of the ALJ's RFC determination,

and this Court has had no difficulty in discerning that the ALJ has in fact connected the evidence with his findings and with his ultimate conclusion.

Plaintiff also argues that remand is warranted since the ALJ failed to include sufficient analysis of Ms. Carver's alleged need for a cane as an assistive device when walking. Plaintiff cites Fletcher v. Colvin, 2015 WL 4506699, at *9 (M.D.N.C. July 23, 2015) for the proposition that remand must occur when the ALJ did not "explicitly address whether Plaintiff's need for a walker was medically necessary." The court agrees with plaintiff that the ALJ did not perform an analysis of the impact of plaintiff's assistive device on her RFC. While this plaintiff's sedentary RFC may be distinguishable from the medium-work RFC in Fletcher, it is not a court's job to conduct that analysis. While there do appear to be reasons to support the ALJ's decision, "it is not within the province of this Court to mine the record to uphold a decision absent any explanation from the ALJ." See Marshall v. Colvin, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, 639 Fed. Appx. 921 (4th Cir. 2016)). As the ALJ did not appear to account for plaintiff's assistive device, remand is necessary for additional investigation and explanation. See Radford, 734 F.3d at 295.

### 2. The ALJ's weighing of medical opinion evidence

Next, plaintiff argues that the ALJ erred in the weight he assigned to the medical opinions of two physicians, Dr. Lister and Dr. Meador. Medical opinions are weighed by considering the following factors: (1) whether the source of the opinion examined the claimant; (2) whether the source treated the claimant and, if so (a) the length of the treatment relationship and the frequency of examination, and (b) the nature and extent of the treatment relationship; (3) the supportability of the opinion with relevant evidence and by explanations from the source; (4) the consistency of

the opinion with the record as a whole; (5) whether the opinion was offered by a specialist about a medical issue related to his or her area of specialty; and (6) any other factors which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6). An opinion from a treating source on the nature and severity of a claimant's impairment may be given controlling weight, but only if the treating source's opinion is (1) well-supported by medically acceptable clinical and laboratory techniques, and (2) not inconsistent with other substantial evidence. 20 C.F.R. § 416.927(c)(2); SSR 96-2p, 1996 WL 374188. However, "if a [treating] physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

First, plaintiff argues that there is a discrepancy between the ALJ's RFC findings and the opinion of Dr. Lister, the State Agency physician in this matter. The ALJ assigned Dr. Lister's opinion some weight, though the ALJ gave a more restrictive RFC than Dr. Lister since plaintiff underwent double knee replacement surgeries after he had reviewed the case. (Tr. 21). Plaintiff argues that the ALJ's finding is fatally inconsistent with Dr. Lister's opinion, as Dr. Lister included numerous limitations on plaintiff's ability to engage in postural activities (including balancing, stooping, kneeling, crouching, and crawling) due to her bilateral knee impairments, but the ALJ's findings did not reflect these limitations. (#10 at 12-13). (Tr. 94).

The court disagrees. While it is true that the ALJ's RFC does not expressly adopt Dr. Lister's findings on plaintiff's postural capabilities, it is not inconsistent with the ALJ's RFC findings, as postural limitations have minimal impact an individual's ability to perform sedentary work. See SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996) ("Postural limitations or restrictions related to such activities as . . . balancing, kneeling, crouching, or crawling would not usually erode

the occupational base for a full range of unskilled sedentary work significantly because those activities are not required in sedentary work.") Thus, the Court does not find a discrepancy between the ALJ's RFC findings and the weight given to Dr. Lister's opinion.

Next, plaintiff argues the ALJ erred in his assignment of little weight to the medical opinions of plaintiff's treating physician, Dr. Meador. However, the Court is not persuaded on this issue. As outlined above, a treating physician's opinion may be afforded significantly less weight if it conflicts with other substantial evidence in the record. Here, the ALJ directly explained why he assigned Dr. Meador's opinion less weight, stating it is "not supported by objective evidence," such as treatment notes from Western North Carolina Community Health Services, work activities subsequent to her alleged onset date, significant weight improvement, plaintiff's lack of need for painkillers, and notes from her treating orthopedist. (Tr. 21). Consequently, the court finds that the ALJ did not err in giving little weight to Dr. Meador's opinion, as substantial evidence supported that finding.

### 3. The duration requirement for plaintiff's degenerative joint disease

Next, plaintiff argues that the ALJ erred by finding that plaintiff's degenerative joint disease in plaintiff's right shoulder failed to meet the duration requirement. In order to meet the duration requirement, an impairment "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 416.909. Here, the ALJ did discuss evidence relating to plaintiff's right shoulder impairment, and came to the conclusion that it would not last continuously for at least 12 months. Specifically, the ALJ noted that when plaintiff was first seen complaining of right shoulder pain, X-rays showed "moderated advanced degenerative disease of the right AC joint, but no evidence of acute fracture or misalignment."

(Tr. 14). The ALJ then notes that her testimony on the matter is not supported by objective evidence of record. The record includes later treatment notes from multiple occasions that show plaintiff had no resulting functional limitations. (Tr. 654-55, 990). As a result, the Court holds that the ALJ's finding that plaintiff's shoulder injury did not meet the duration requirement is supported by substantial evidence.

### 4. HOCALJ Davenport signing off on ALJ McFayden's order

Finally, plaintiff argues that a different ALJ signed rendered the decision than the ALJ that was present at the hearings. However, ALJ John McFayden presided over the hearing in this case, provided the decisional instructions, and approved of the written decision. (Tr. 34, 59, Exhibit A). ALJ McFayden simply authorized Hearing Office Chief Administrative Law Judge ("HOCALJ") Michael Davenport to sign the decision during ALJ McFayden's absence, but it is clear that ALJ McFayden approved the final draft before HOCALJ Davenport signed it. Thus, the court finds no harmful error here.

### E. Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner and plaintiff's cross Motions for Summary Judgment, and accompanying memorandums, and plaintiff's response to defendant's motion and memorandum. Review of the entire record reveals that the decision of the ALJ cannot be wholly supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was not entirely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary

Judgment will be denied, and the decision of the Commissioner will be reversed and remanded.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) The decision of the Commissioner is **REVERSED;**

(2) Plaintiff's Motion for Summary Judgment (#9) is **GRANTED** only as provided herein;

(3) The Commissioner's Motion for Summary Judgment (#13) is **DENIED** as provided herein**;** and

(4) This action is **REMANDED** for further proceedings consistent with this opinion.

Signed: October 25, 2017

Max O. Cogburn Jr.
United States District Judge

---

[1] The Court notes that the failure of the ALJ to consider the claimant's use of an assistive device in-and-of-itself requires remand. The Court has discussed the other assignments of error for purposes of completeness; thus, the granting of plaintiff's motion for remand and the denial of the defendant's motion seeking affirmance are subject to the *caveat* of "as discussed herein."